

Janet L. Everson - 211161
    JEverson@mpbf.com
Tina L. Li - 301300
    tli@mpbf.com
Jonathan J. Kim-322421
    jkim@mpbf.com
MURPHY, PEARSON, BRADLEY & FEENEY
550 California Street, 14th Floor
San Francisco, CA  94104-1001
Telephone:   (415) 788-1900
Facsimile:    (415) 393-8087

Attorneys for Non-Party Witness
BFBA, LLP

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

STEPHEN DOPUDJA,

                Plaintiff,

        v.

WEST YOST & ASSOCIATES, INC.
ET AL.,

                Defendants.

Case No.: 8:23-CV-01923-JVS-ADS

**NON-PARTY WITNESS BFBA, LLP'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

## I.    INTRODUCTION

Nonparty Witness BFBA, LLP (hereinafter "BFBA") hereby moves to quash Plaintiff Stephen Dopudja (hereinafter "Plaintiff")'s Subpoena to Testify at a Deposition in a Civil Action ordering it to produce a person most knowledgeable to appear for deposition on September 24, 2025. Plaintiff served the instant subpoena on BFBA, LLP on August 25, 2025 and is improper because the subpoena violates Rule 45(c)(3)(A)(ii) which states that a non-party witness cannot be deposed if they are required to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person. Given the clear violation of the Rule 45's geographic limitations, Plaintiff's deposition subpoena of BFBA should be quashed.

- 1 -

NON-PARTY WITNESS BFBA, LLP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH MOTION TO QUASH PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

CASE NO. 8:23-CV-01923-JVS-ADS

BFBA also seeks reasonable attorneys' fees incurred in connection with this motion because Plaintiff has no legal basis to serve the deposition subpoena and has refused to withdraw it, thus forcing BFBA to bring this motion.

## II. RELEVANT FACTUAL BACKGROUND

### A. Plaintiff's Allegations

As part of his complaint, Plaintiff Stephen Dopudja alleges a violation of Sections 10(b) of the Securities and Exchange Act of 1934. (Complaint at ¶6.) Plaintiff was a former employee of West Yost who entered into a Stock Purchase Agreement. (Complaint at ¶¶s 12-13.) Plaintiff was led to believe that all shareholders would be treated the same based on a Restrictive Stock Agreement. (Complaint at ¶16.) However, Plaintiff contends that he discovered that their class of stocks were treated differently than some others and not given priority distribution, thus he contends that West Yost violated his residual rights. (Complaint at ¶¶s 22-23.)  Plaintiff further contends that West Yost never gave him notice of cancelling Plaintiff's shares. (Complaint at ¶30.) Plaintiff also contends that they were not provided with any information regarding the tax consequences of West Yost's actions or any potential tax liability for Plaintiff. (Complaint at ¶47.)

### B. Background regarding BFBA

BFBA is a full-service Sacramento-based certified public accounting and business advisory firm. (Declaration of Nathan Boyce (hereinafter "Boyce Decl.) at ¶2.) Defendant West Yost & Associates, Inc. was a former client of BFBA. (Boyce Decl. at ¶3.) BFBA is not a party to this action. (Boyce Decl. at ¶4.) On August 25, 2025, BFBA was served with a subpoena requesting deposition testimony from its person most knowledgeable as to certain categories.  The location of the deposition is in Irvine, California.  BFBA's person most knowledgeable works and resides in Sacramento, California. (Boyce Decl. at ¶5.) BFBA does not have an office or employee located in Irvine, California. (Boyce Decl. at ¶6.) Additionally, BFBA has not conducted business within 100 miles of the courthouse where this action was filed. (Boyce Decl. at ¶7.)

- 2 -

NON-PARTY WITNESS BFBA, LLP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH MOTION TO QUASH PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

CASE NO. 8:23-CV-01923-JVS-ADS

This is the third subpoena that Plaintiff had served on BFBA. BFBA was served with Plaintiff's subpoena to testify in a civil action on August 25, 2025 which ordered BFBA to produce a person most knowledgeable to testify on September 24, 2025. (See Declaration of Tina L. Li ("Li Decl."), ¶4, **Exhibit 1.**) BFBA previously responded to Plaintiff's March 20, 2024 and August 1, 2025 subpoenas for records. (Li Decl. ¶¶s 2-3.) BFBA produced documents and records responsive to Plaintiff's March 20, 2024 subpoena. (*Id.*)   In the response to the August 1, 2025 subpoena, BFBA produced a declaration indicating it had no responsive records. (*Id.*)

### C. Meet and Confer Efforts

Prior to filing this Motion, counsel for BFBA sent a meet and confer letter on September 5, 2025 to Plaintiff's counsel regarding the deficiencies in the subpoena that subjected Plaintiff's subpoena to a motion to quash. (Li Decl. ¶ 5., **Exhibit 2.**) Counsel for BFPA attempted to call Plaintiff's counsel, Thomas L. Gourde, to meet and confer on September 9, 2025, but he was unable to speak with Mr. Gourde. A voicemail was left with Plaintiff's counsel's office. There was no response from Plaintiff's counsel rendering the motion necessary.  (Li Decl. ¶ 6.) To date, BFBA did not hear back from Mr. Gourde. (Li Decl. ¶ 7.)

### III.   PLAINTIFF'S SUBPOENA BE QUASHED BECAUSE IT VIOLATES FRCP 45(c)

Rule 45(c)(3)(A) of the Federal Rules of Civil Procedure provides: "On timely motion, the issuing court must quash or modify a subpoena that ... requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person ..." (Fed. R. Civ. P. 45(c)(3)(A)(ii) (emphasis added).)

"'[R]egularly transacts business in person' means just what it says." (*Regents of the Univ. of Cal. v. Kohne*, 166 F.R.D. 463, 464-65 (S. D. Cal. 1996) ("regularly" does not mean ten visits to the city in seven years).) Courts do not conduct a jurisdictional analysis and only consider "the burden to the witness of being required to physically

NON-PARTY WITNESS BFBA, LLP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH MOTION TO QUASH PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

CASE NO. 8:23-CV-01923-JVS-ADS

appear." (*Id.* at 464.)

Here, the facts are undisputed as BFBA and its employees are located in Sacramento, more than 100 miles from the court courthouse, and it does not regularly transact business within 100 miles of the courthouse. (Boyce Decl. at ¶¶2-6.) Additionally, BFPA is not a party to this action nor are its officers and employees a party to this action. Since this subpoena requires the appearance of a non-party for deposition at a location exceeding 100 miles of the courthouse, this subpoena is deficient. For the foregoing reasons, BFBA respectfully requests that the Court quash the deposition subpoena issued to it.

## IV.   AN AWARD OF REASONABLE ATTORNEY'S FEES INCURRED IS PROPER ON THIS MOTION

The party responsible for issuance of a subpoena has a duty to take reasonable steps to avoid imposing undue burden or expense on the person subject to the subpoena. (Fed. R. Civ. P. 45(d)(1).) The Court issuing the subpoena "must enforce this duty and impose an appropriate sanction - which may include lost earnings and reasonable attorney's fees - on a party or attorney who fails to comply." (*Id.*)

The mandatory language in Rule 45(d)(1) "contemplates a liberal construction of what constitutes a breach." (*In re Shubov*, 253 B.R. 540, 547 (B.A.P. 1st Cir. 2000).) When a subpoena should not have been issued, "everything done in response to it constitutes 'undue burden or expense' within the meaning of Civil Rule 45(d)(1)." (*Id.*)

BFBA respectfully submits that Plaintiff's s insistence on serving the subpoena and pursuing deposition testimony from a witness who indisputably is not an officer or employee of a plaintiff, and a non-party to this action as improper.

Given the subpoena's impropriety, BFBA requests $1,500.00 in reasonable attorneys' fees incurred in connection with bringing this motion. (Li Decl. ¶10.)

## V.   CONCLUSION

For the foregoing reasons, BFBA respectfully requests that Plaintiff's deposition subpoena be quashed.

- 4 -

NON-PARTY WITNESS BFBA, LLP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH MOTION TO QUASH PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

CASE NO. 8:23-CV-01923-JVS-ADS

Dated: September 10, 2025

MURPHY, PEARSON, BRADLEY & FEENEY

By */s/Tina L. Li*
    Tina L. Li
    Jonathan J. Kim
    Attorneys for Non-Party Witness
    BFBA, LLP

- 5 -

NON-PARTY WITNESS BFBA, LLP.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO QUASH MOTION TO QUASH PLAINTIFF'S SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

CASE NO. 8:23-CV-01923-JVS-ADS